UNITED STATES DISTRICT COURT

EASTERN DISTRICT OFLOUISIANA

NATHAN PETERS,

      Plaintiff,

                                 CASE NO.: 18-4013

vs.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

      Defendant.

_____/

## COMPLAINT

1.      This is an action for damages, equitable relief and attorney's fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.*, specifically 29 U.S.C. § 1132 (a)(1) (b).

2.      This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. 1331 and 29 U.S.C. § 1132 (e).

3.      Venue is proper in this district, pursuant to 28 U.S.C. § 1391 (b) (3) (c) (2).

4.      At all times relevant hereto Plaintiff, was an "employee" of Sprint Nextel Corporation, his "employer", as these terms are defined in 29 U.S.C. §§ 1002(5) and (6).

5.      At all times relevant hereto Plaintiff was a "participant" in and "beneficiary" of the Sprint Nextel Corporation Long-Term Disability Insurance Plan (hereinafter "LTD PLAN"), as these terms are defined by 29 U.S.C. §§ 1002(7) and (8), and his insurance premium required for coverage under the LTD PLAN had been fully paid or otherwise satisfied.

6.      The LTD PLAN is a component of an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1). A copy of the long-term disability insurance plan is attached hereto as Exhibit A and incorporated by reference herein.

7.      At all times relevant hereto Plaintiff's employer was the "plan sponsor" as this term is defined by 29 U.S.C. § 1002(16)(B).

8.      At all time relevant hereto, Defendant, The Prudential Insurance Company of America (hereinafter "Prudential") was the claim "administrator" of the LTD Plan, and a "fiduciary", as these terms are defined by 29 U.S.C. §§ 1002(16) and (21).

9.      At all time relevant hereto the business practices of Defendant created a conflict of interest between its fiduciary duties to Plaintiff and its interest in maximizing profits on its own behalf and on behalf of its shareholders.

2

## COUNT I

**Action to Recover Plan Benefits
Pursuant to 29 U.S.C. § 1132(a)(1)(B)
Against Defendant, Prudential**

10.     At all times relevant hereto Defendant, Prudential, provided for payment of long-term disability benefits in the event Plaintiff became Disabled, as defined in the LTD PLAN.

11.     At all times relevant hereto Plaintiff was and is Disabled as that term is defined in the LTD Plan.

12.     Plaintiff has filed or caused to be filed proofs of claim and performed all other conditions precedent to recovering benefits from Defendant, Prudential, for the loss or losses herein claimed and has exhausted his administrative remedies prior to filing this action.

13.     Defendant, Prudential, has failed and refused to pay Plaintiff sums due pursuant to the terms of the LTD Plan.

14.     Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order granting relief from Defendant, Prudential, for benefits due under the LTD PLAN, together with costs of litigation and attorney's fees and pre-judgment interest.

s/Edward A. Doskey
DOSKEY LAW, P.L.C.
Louisiana Bar No.: 30993
Attorney for Plaintiff
807 Howard Ave.
New Orleans, LA  70113
Phone:  (504) 684-4473
Fax:  (504) 234-2398
Email:  ed@doskeylaw.com

4